1  SPENCER P. SCHEER #107750
   JOSHUA L. SCHEER #242722
2  REILLY D. WILKINSON #250086
   JONATHAN SEIGEL #168224
3  SCHEER LAW GROUP, LLP
   155 N. REDWOOD DRIVE, SUITE 100
4  SAN RAFAEL, CA  94903
   Telephone:  (415) 491-8900
5  Facsimile:  (415) 491-8910
   N.100-259S-C
6
   Attorneys for Lender
7  CIRCLE BANK

8
                    UNITED STATES BANKRUPTCY COURT FOR
9
                    THE NORTHERN DISTRICT OF CALIFORNIA
10
                              SAN JOSE DIVISION
11

| In re: | Bk. No. 10-56276-CN |
|---|---|
| CRAIG LEWIS ATAIDE, | Chapter 13 |
| Debtor. | R.S. No. RDW-321 |
| | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY |
| | Hearing- Ex Parte Motion for Relief from Automatic Stay and Co-Debtor Stay<br>Date: NO HEARING SET<br>Time:<br>Place: Bankruptcy Court<br>280 S 1st St., Courtroom #3070<br>San Jose, CA 95113 |

**INTRODUCTION:**

This memorandum is in support of CIRCLE BANK's, its assignees and/or successors ("Lender") ex parte motion for relief from the Automatic Stay provided by 11 U.S.C. Section 362 and relief from the Co-Debtor Stay provided by 11 U.S.C. Section 1301.  Lender is secured by the First Deed of Trust (the "Deed of Trust") on the real property located at **591 East Franklin Street, Monterey, CA 93940,** (the "Property").  This memorandum is supporting by

the Declaration of Pat McCarty and attached exhibits, and the ex parte motion for relief in this matter.

**FACTS:**

Lender is the current payee of a Promissory Note dated August 5, 2005, in the principal amount of $750,000.00 (the "Note") secured by a First Deed of Trust of same date, which bears interest as specified therein. The original Note is held by Secured Creditor and a copy is attached to the Declaration of Pat McCarty as Exhibit "D".

The indebtedness evidenced by the Note is secured by a Deed of Trust (the "Deed of Trust") executed and recorded in Monterey County and which encumbers the real property located at **591 East Franklin Street, Monterey, CA 93940,** (the "Property"). A copy of the Deed of Trust is attached to the Declaration of Pat McCarty as Exhibit "E".

On December 27, 2007, Lauri Ataide, Debtor's non-filing spouse ("Co-Debtor"), filed a Petition under Chapter 13 of the Bankruptcy Code, No. 07-54387. The case was dismissed on January 16, 2008. A copy of the Notice of Dismissed Case is attached to the Declaration of Pat McCarty as Exhibit "C".

On April 1st 2009, Debtor the Co-Debtor defaulted on the loan by failing to make the monthly mortgage payment to Lender.

On September 10, 2009, Craig Ataide ("Debtor") filed a Petition under Chapter 11 of the Bankruptcy Code, No. 09-57682. Although Debtor and Co-Debtor were collecting rents and profits from the Property, they did not use the rents and profits to pay the monthly debt service to Lender. Lender filed a notice of rents and profits on November 6, 2009. Debtor did not provide a budget in his Chapter 11 Bankruptcy even though it was required by the Court and requested by Lender.

On November 30, 2009, Lender filed a motion for relief from the Automatic Stay in the Debtor's Chapter 11 Bankruptcy due to lapse of hazard insurance, default on monthly mortgage payments and minimal equity in the Property. On January 19, 2010, the Court ordered an Adequate Protection Order. Debtor failed to carry out the terms of the Order and Lender

Obtained relief from stay on March 23, 2010. A copy of the Ex-Parte Order Vacating Automatic Stay is attached to the Declaration of Pat McCarty as Exhibit "A."

On April 14, 2010, the eve of the foreclosure sale of the Property, Non-filing Co-Debtor filed a Petition under Chapter 13of the Bankruptcy Code, Bankruptcy No. 10-53775-CN while the Debtor's Chapter 11 Bankruptcy was still pending.

At this time both the both the Debtor's Chapter 11 Bankruptcy as well as the Non-filing Co-Debtor's Chapter 13 bankruptcy were both pending, yet no payments are being made to Lender and there was no budget or accounting for the rents and profits that are being received by Debtor and Co-Debtor on the Property.

On May 19, 2010, Lender filed a motion for relief from the Automatic Stay in the Co-Debtor's Chapter 13 Bankruptcy due to lapse of hazard insurance, default on monthly mortgage payments and minimal equity in the Property. On June 11, 2010, Lender obtained an Order Vacating Automatic Stay and Co-Debtor Stay. A copy of the Order Vacating Automatic Stay is attached to the Declaration of Pat McCarty as Exhibit "B."

At this time both the both the Debtor's Chapter 13 Bankruptcy as well as the Co-Debtor's Chapter 13 bankruptcy are both pending, yet no payments are being made to Lender and there is no budget or accounting for the rents and profits that are being received by Debtor and Co-Debtor on the Property.

On June 16, 2010, the eve of the foreclosure sale of the Property, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code, Bankruptcy No. 10-56276-CN, after Lender obtained and Order Vacating Automatic Stay and Co-Debtor Stay in Co-Debtor's Bankruptcy and while the Co-Debtor's Chapter 13 Bankruptcy is still pending.

**AUTHORITY:**

**A. Debtor's Chapter 13 Bankruptcy Filing is in Bad Faith**

It is an abuse of the Bankruptcy Code for the Debtor to file a Chapter 13 on the eve of foreclosure after his wife has exhausted all avenues in Bankruptcy Court and State Court (See In

re: Wong, 30 B.R. 87, (1983)). The facts in In re: Wong are quite similar to the present facts. In In re: Wong, the Debtor's husband filed a Chapter 11 Bankruptcy in order to stay foreclosure by the Lender. Once his case was dismissed, his wife filed a Chapter 13 Bankruptcy on the eve of the foreclosure. The Court held that the wife's filing was in bad faith due to the fact that there was no change in the assets or circumstances and that it was just another stall tactic to stop the Lender from foreclosing.

In the present case, the Debtor and Co-Debtor are merely trying to stall Lender from completing the foreclosure on the Property. The Lender was stuck in the Debtor's previous Chapter 11 Bankruptcy for 8 months until it obtained relief and Co-Debtor's Chapter 13 filing for 2 months until it obtained relief, and now on the eve of the foreclosure of the Property is stopped from proceeding with foreclosure. To allow the automatic stay to remain in effect would be inequitable. The Debtor has not provided for payments to Lender in her Chapter 13 Bankruptcy. Further the Debtor is collecting rents and profits on the Property and not using the rents and profits to pay the monthly mortgage payments to Lender.

**B.  Pursuant to 11 U.S.C. Section 109(g) the Automatic Stay should terminate on July 16, 2010**

Pursuant to 11 U.S.C. § 362(j), 11 U.S.C. § 362(c)(4)(A)(i),11 U.S.C. § 362(c)(4)(B), and 11 U.S.C. § 109(g), there should be no automatic stay in effect due to the prior bankruptcy filing by the non-filing wife Co-Debtor is pending and Lender received relief from the automatic stay within one year of the filing of this current bankruptcy. Additionally, there should be no automatic stay in effect due to the prior bankruptcy filing by the Debtor and Lender received relief from the automatic stay within one year of the filing of this current bankruptcy. It is an abuse of the Bankruptcy Code to file a Chapter.

11 U.S.C. § 362(c)(3)(A) provides that the stay shall terminate on the 30th day after the filing of a Bankruptcy where a one previous bankruptcy were pending and dismissed within the previous year. There has been substantially little to no change in the assets and it is being used as yet another stall tactic to avoid the foreclosure on the commercial Property.

1 **CONCLUSION:**

2  Debtor and the non-filing Co-Debtor have abused the bankruptcy code to avoid the

3 foreclosure on the commercial Property. There is no equity in the Property and the Lender was

4 forced to pursue relief in the Debtor's previous Chapter 11 Bankruptcy and Co-Debtor's

5 previously Chapter 13 Bankruptcy. Lender received relief from the automatic stay in this

6 Chapter 13 Bankruptcy

            SCHEER LAW GROUP

DATED: June 23, 2010        /s/REILLY D. WILKINSON
            #250086