SPENCER P. SCHEER #107750
JOSHUA L. SCHEER #242722
REILLY D. WILKINSON #250086
JONATHAN SEIGEL #168224
SCHEER LAW GROUP, LLP
155 N. REDWOOD DRIVE, SUITE 100
SAN RAFAEL, CA  94903
Telephone:  (415) 491-8900
Facsimile:  (415) 491-8910
N.100-259S-C

Attorneys for Lender
CIRCLE BANK

UNITED STATES BANKRUPTCY COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: | Bk. No. 10-56276-CN |
| CRAIG LEWIS ATAIDE, | Chapter 13 |
| Debtor. | R.S. No. RDW-321 |
| | DECLARATION OF PATRICK MCCARTY IN SUPPORT OF EX PARTE MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY |
| | Hearing- Ex Parte Motion for Relief from Automatic Stay and Co-Debtor Stay<br>Date:   NO HEARING SET<br>Time:<br>Place:  Bankruptcy Court<br>            280 S 1st St., Courtroom #3070<br>            San Jose, CA 95113 |

I, PATRICK MCCARTY, declare and state:

1.  As to the following facts, I know them to be true of my own personal knowledge and if called upon to testify in this action, I could and would testify competently to the following facts personally known to me to be true.

2.  I am an employee and a custodian of records of CIRCLE BANK which is the moving party herein ("Lender").  I am the employee of Lender most familiar with this case and the facts herein and am authorized to make these statements on behalf of Lender.  I have

reviewed the loan service records of Lender before making these statements. The loan service records are kept in the regular course of business, at or near the time of the event which is noted or memorialized. As to any statements regarding equity or lack of equity contained within this Declaration, which are made upon information and belief, these statements are made after examination of the loan file and after consideration of the following factors:

    1)     the loan to value ratio;

    2)     amount of arrearages; and

    3)     the appraisal price opinion of Craig Butorac

    4)     the Debtors' schedules

3. CRAIG LEWIS ATAIDE ("Debtor") is an individual and the Chapter 13 Debtor herein.

4. DEVIN DERHAM-BURK has been appointed as the Chapter 13 Trustee in the instant bankruptcy. By virtue of her position as Chapter 13 Trustee, she may hold title to the subject property in that capacity. To the extent relief sought herein is granted, DEVIN DERHAM-BURK should be bound by any such judgment.

5. On June 16, 2010, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code, making this the third filing relating to the subject property of this motion, **591 East Franklin Street, Monterey, CA 93940,** (the "Property"). Prior to this, on September 10, 2009, CRAIG LEWIS ATAIDE ("Debtor"), filed a Petition under Chapter 11 of the Bankruptcy Code. On January 19, 2010, Lender and Debtor entered into an Adequate Protection Order. Debtor failed to carry out the terms of the Order and Lender Obtained relief from stay on March 23, 2010, attached hereto as Exhibit "A." Subsequent to this, On April 14, 2010, non filing Co-Debtor Wife LAURI ATAIDE filed a Petition under Chapter 13 of the Bankruptcy Code. On June 11, 2010, Lender obtained an Order Vacating Automatic Stay and Co-Debtor Stay, attached hereto as Exhibit "B." Prior to this date, on December 27, 2007, non filing Co-Debtor Wife filed a Petition under Chapter 13 of the Bankruptcy Code, No. 07-54387. The case was dismissed on January 16, 2008. A copy of the Notice of Dismissed Case is attached hereto as Exhibit "C".

6. Lender is the current payee of a Promissory Note dated August 5, 2005, in the principal amount of $750,000.00 (the "Note") secured by a First Deed of Trust of same date, which bears interest as specified therein. The original Note is held by Lender and a copy is attached hereto as Exhibit "D" and is incorporated herein by reference.

7. The indebtedness evidenced by the Note is secured by a Deed of Trust (the "Deed of Trust") executed and recorded in Monterey County and which encumbers the real property located at **591 East Franklin Street, Monterey, CA 93940,** (the "Property"). A copy of the Deed of Trust is attached hereto as Exhibit "E" and incorporated herein by reference. Deed of Trust and maintains all beneficial interest relating to the subject loan.

8. Debtor has defaulted on the Note. On the basis of the Debtor's failure to make required payments the Debtor is now due and owing to Lender:

| | |
|---|---|
| Unpaid Principal Balance: | $786,795.14 |

<u>Pre-Petition Arrearages</u>:

| | |
|---|---|
| One partial Monthly payment for April 1, 2009 | $1,755.12 |
| One Monthly payment for May 20, 2009 for | $4,436.32 |
| One Monthly payment for June 20, 2009 for | $4,526.76 |
| One Monthly payment for July 20, 2009 for | $4,526.76 |
| One Monthly payment for August 20, 2009 for | $4,677.59 |
| One Monthly payment for September 20, 2009 for | $4,677.59 |
| One Monthly payment for October 20, 2009 for | $4,526.76 |
| One Monthly payment for November 20, 2009 for | $4,742.69 |
| One Monthly payment for December 20, 2009 for | $4,650.30 |
| One Monthly payment for January 20, 2010 for | $4,805.31 |
| One Monthly payment for February 20, 2010 for | $4,805.31 |
| One Monthly payment for March 20, 2010 for | $4,340.28 |
| One Monthly payment for April 20, 2010 for | $4,805.31 |

| | | |
|---|---|---|
| 1 | One Monthly payment for May 20, 2010 for | $4,650.30 |
| 2 | Default Interest | $40,328.29 |
| 3 | Payments received in during Prior bankruptcy filing | ($4,550.00) |
| 4 | Late Charges totaling | $4,240.10 |
| 5 | Foreclosure Fees | $12,129.68 |
| 6 | Advances (Insurance) | $10,386.00 |
| 7 | Return Check Fee | $60.00 |
| 8 | Attorneys' Fees | $6,244.60 |
| 9 | Appraisal Fee | $750.00 |
| 10 | Subtotal | $131,515.07 |

Post-Petition Delinquencies:

| | | |
|---|---|---|
| | Attorneys' Fees | $695.00 |
| | Subtotal Post-Petition Delinquencies | $695.00 |
| | TOTAL PRE-PETITION AND POST-PETITION DUE | $132,210.07 |
| | GRAND TOTAL | $919,005.21 |

**[Please note that an additional payment becomes due and owing on the 20th day of each month, as well as an additional late charge 15 days thereafter. The payment amount may vary as this is a variable rate loan.]**

**LENDER'S LOAN FULLY MATURES ON SEPTEMBER 1, 2010!**

9. The total amount now owed to Lender on Loan No. XXXX6973 is $919,005.21 as of June 17, 2010.

10. Interest continues to accrue as set forth in the Note.

1. 11. Debtor has allowed the hazard insurance to lapse in violation of the terms of the Deed of Trust. As a result of the lapse of insurance, Lender has been forced to advance insurance in the amount of $10,386.00 in order to protect its interest in the Property.

12. Lender has performed each and every act required by the terms of the Deed of Trust.

13. Lender requests authority to commence or complete foreclosure proceedings relative to the Property, but is prevented from doing so by the filing of Debtor's petition which operates as an Automatic Stay prohibiting Lender from taking any action or commencing any Court proceeding to enforce a lien upon the Debtor's real property. Lender filed its Notice of Default on July 17, 2009 and had scheduled its foreclosure sale to take place on June 16, 2010. Debtor filed this bankruptcy the day before the Lender had scheduled its foreclosure sale to take place.

15. Lender believes that Debtor may be collecting rents and profits on the property without authority to use cash collateral and without utilizing rents and profits to pay the monthly debt service. There is a lessee on the property and rent is due from the lessee. To date, there is no evidence that the Debtor has moved to assume or reject the lessee or that the Debtor has obtained authority to collect and utilize rents and profits.

16. Lender claims that the Debtor is collecting rents on the Property without utilizing the rents to pay the monthly debt service. On May 12, 2010, Lender filed a Notice of Security Interest in Rents and Profits ("Notice") with this court, with non-filing Co-Debtor wife's previous bankruptcy proceeding, Bk No. 10-53775. A copy of the Notice is attached hereto as Exhibit "F". Lender requests that the court take Judicial Notice of Notice pursuant to Federal Rule of Evidence 201

17. The value of the subject Property is approximately $985,000.00 as of April 14, 2009, in accordance with the appraisal report attached to the Declaration of Craig Butorac as Exhibit "B" filed in non-filing Co-Debtor wife's previous bankruptcy proceeding, Bk No. 10-53775. Lender requests that the court take Judicial Notice of the Declaration of Craig Butorac and appraisal filed therewith pursuant to Federal Rule of Evidence 201

18. The Note and Deed of Trust provide that Lender shall be entitled to recover from the Debtor and that the real property shall secure the payments of all attorney's fees and costs incurred by Lender to collect upon the real property. The Lender may also be entitled to recover said fees and costs under 11 U.S.C. Section 506(b). By virtue of the Debtor's default, Lender has necessarily incurred such fees and costs and will continue to incur such fees and costs.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED: June 21, 2010 /s/ PATRICK MCCARTY